# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

RODNEY LEGER, ET AL.        Civil Action No. 17-1297

versus       Unassigned District Judge

IBERIA PARISH GOV'T       Magistrate Judge Carol B. Whitehurst

## MEMORANDUM RULING AND ORDER

Before the undersigned is the Motion for Leave to File First Supplemental and Amended Petition [Doc. 9], filed by plaintiffs Rodney Leger, Kenneth Grove, U.J. Gary, Ron Guidry, Lynette Guidry, Brooke Mulkey, and Prentice Mulkey ("plaintiffs"), who seek leave of court to file their First Supplemental and Amended Petition. Defendant Iberia Parish Government opposes the motion [Doc. 13], and the plaintiffs have filed a Reply brief [Doc. 17]. For the following reasons, the motion to amend is GRANTED.

### *Factual and Procedural Background*

Plaintiffs filed their original petition on August 31, 2017 in the Sixteenth Judicial District Court for the Parish of New Iberia, Louisiana, alleging that Iberia Parish Ordinance 2017-03-04825 ("the Ordinance') violates their equal protection rights under the United States Constitution. Specifically, the plaintiffs allege the Ordinance in question requires that commercial establishments are responsible for

contracting for their own solid waste removal. Under the Ordinance, the term "commercial establishments" includes any apartment complex larger than four units and includes trailer parks such as the ones the plaintiffs live in. The plaintiffs argue the Ordinance effectively terminates trash/garbage collection by the Parish for residents of mobile home parks, despite the fact that the residents of the mobile home parks pay a tax dedicated for trash/garbage pickup. In their petition, the plaintiffs allege they are entitled to all of the benefits provided to other Iberia Parish citizens who do not live in trailer parks under the equal protection laws of the United States of America. In addition to seeking redress for constitutional violations, the plaintiffs requested an injunction from the state court ordering the defendant not to implement any trash/garbage collection provisions of the Ordinance that would prohibit collection of trash/garbage from any residents living in any trailer park until resolution of this lawsuit. On September 27, 2017, the state court granted the plaintiffs' request for a preliminary injunction, finding the plaintiffs made a prima facie showing that they were entitled to injunctive relief. Defendant removed the matter to this Court on November 11, 2017.

In the instant motion, the plaintiffs seek to amend their original petition to clarify that their claims are asserted under the Louisiana Constitution only, and not under the U.S. Constitution. Defendant opposes the motion to amend on grounds

such amendment would be futile, as all claims alleged under either the Louisiana or U.S. Constitutions should be dismissed, because the plaintiffs lack standing to challenge the Ordinance, which applies only to the owners – and not the residents – of mobile home parks. Thus, defendant argues the proposed amended complaint would be futile, because the complaint as amended would not survive a motion to dismiss. In response, the plaintiffs argue their amendment is not futile, and once amended, the complaint will allege only state law causes of action. The plaintiffs urge this Court to decline to exercise its supplemental jurisdiction over the plaintiffs' state law claims and remand this matter back to the 16th Judicial District Court.

### *Discussion*

Rule 15 of the Federal Rules of Civil Procedure governs motions to amend made before the expiration of a scheduling order's deadline and provides that "[t]he court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2); *see also Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 347 (5th Cir. 2008); *Pub. Health Equip. & Supply Co. v. Clarke Mosquito Control Prod., Inc.*, 410 F. App'x 738, 740 (5th Cir. 2010) (unpublished). Defendant contends the Court should not permit plaintiffs to file their proposed Amended Complaint because the plaintiffs' claims – whether alleged under the Louisiana Constitution or the U.S. Constitution -- fail to adequately state a claim and are therefore futile. The defendant argues the

plaintiffs' claims fail to state a claim because they lack standing to assert them. The plaintiffs disagree and seek remand of this matter to the state court on grounds their amended complaint removes any federal claims alleged under the U.S. Constitution and this Court may, and should, decline to exercise its supplemental jurisdiction over the state law claims alleged under the Louisiana Constitution. Notably, neither the defendant nor the plaintiffs have filed a motion to dismiss or motion to remand, respectively.

Thus, before the undersigned is only the motion to amend the plaintiffs' complaint, which merely seeks to clarify that the plaintiffs' claims are alleged under the Louisiana Constitution alone, and not the U.S. Constitution. The motion is timely and, furthermore, the undersigned concludes the amendment would not be futile. The plaintiffs are residents of a mobile home park, and regardless of how the Ordinance is worded, the impact and effect of the Ordinance is to deny the plaintiffs a city-provided service that they arguably pay for by paying the designated tax for such service, while other similarly-situated residents of the city – who also pay the tax – are not denied trash/garbage service. The undersigned's conclusion that the plaintiffs state a claim for violation of the Louisiana Constitution is further bolstered by the fact that the state court has already determined the plaintiffs stated a prima facie case of violation of their equal protection rights and granted preliminary injunctive relief.

The various forms of other relief touched upon in the briefing on the motion to amend – arguments that all claims should be dismissed and that the entire case should be remanded – have not been fully briefed and have not been properly presented to the Court. What is before the Court is the motion to amend, which the undersigned finds should be granted under the circumstances presented. The parties are free to urge other forms of relief in the form of properly-filed motions supported by argument and jurisprudence.

### Conclusion

For the foregoing reasons, the Motion for Leave to File First Supplemental and Amended Petition [Doc. 9] is GRANTED.

**THUS DONE AND SIGNED** in Lafayette, Louisiana on this 9th day of May, 2018.

**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**